**EXHIBIT F-2**

# AFFIDAVIT OF DAMAGES

## DECLARATION OF KALISHWAR DAS

I, Kalishwar Das, Plaintiff Pro Se, residing at 1505 The Xing, Rock Hill, South Carolina 29732, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

## I. NATURE OF DAMAGES

The harm caused by Defendants' unauthorized ingestion, reproduction, and commercial exploitation of my registered works is not confined to the loss of licensing revenue or the violation of exclusive rights under the Copyright Act. It extends to the systematic disruption of a decades-long, cross-continental technology development and transfer process — one that was deliberately structured, legally anchored in the United States, and on the verge of its most consequential phase of deployment when Defendants' conduct intervened.

## II. SELECTIVE INGESTION — PROOF OF DELIBERATE TARGETING

My prior works remained free from unauthorized access by Defendants' automated systems. Yet GTOE and TTOD were immediately and systematically ingested upon publication. This selective ingestion demonstrates that Defendants' automated systems possess the capability to identify and target content of substantive scientific and commercial value — thereby negating any defense of inadvertent or indiscriminate data collection. Defendants' conduct was not accidental. It was deliberate, selective, and targeted.

## III. DESTRUCTION OF CONTROLLED HUMAN AWARENESS ARCHITECTURE

GTOE and TTOD were published to facilitate individual human engagement with STE's foundational concepts. Defendants' automated systems ingested, reproduced, and distributed STE-originating protected expression globally — through systems structurally incapable of engaging the pre-geometric framework these works were designed to convey. This widespread dissemination has materially impaired the contextual integrity of my works and adversely affected public understanding of their intended structure and meaning.

## IV. SUPPRESSION OF CDTAI.US

I established CDTAI.US as the sole authorized channel through which the public could engage with STE-originating content. By reproducing STE-originating content at massive scale through their own platforms without authorization, Defendants

Exhibit F2/2

effectively supplanted CDTAI.US before it could establish its user base, traffic, and commercial presence — causing direct and material commercial harm to my authorized platform strategy.

## V. OBSTRUCTION OF COMMERCIAL LICENSING ECOSYSTEM

I developed a structured commercial licensing framework — the Permissory Ingest License ("PIL") — through which commercial entities could obtain authorized access to STE-originating content. Defendants' mass unauthorized reproduction has effectively bypassed this framework entirely — making STE-originating content freely available through Defendants' platforms without any license, without any compensation to me, and without any acknowledgment of my rights.

## VI. COMPROMISED FIRST EXPLOITATION RIGHTS

My exclusive right under 17 U.S.C. § 106 to control the initial commercial exploitation of STE-originating content has been materially undermined by Defendants' unauthorized reproduction of my works prior to my ability to establish controlled commercial channels.

## VII. CONSTRAINT ON RELEASE OF REMAINING STE SEGMENTS

Of the nineteen segments comprising the STE/CDT ecosystem, only GTOE and TTOD have been publicly released. Defendants' ongoing unauthorized use has materially affected my ability to release the remaining segments under controlled commercial and contextual conditions, thereby delaying further development and dissemination of my work.

## VIII. GLOBAL REPUTATIONAL AND CONTEXTUAL HARM

The fragmented, decontextualized, and unauthorized reproduction of STE-originating content across Defendants' platforms — without attribution, without authorization, and without acknowledgment of my rights — has caused material harm to the integrity, context, and commercial positioning of STE globally. The rendering of isolated STE-originating expressions through AI systems incapable of understanding their context has distorted public understanding of the framework and damaged the conditions necessary for its proper introduction to the world.

## IX. DISRUPTION TO UZ-TECH DEVELOPMENT

Defendants' conduct has caused material disruption to my ongoing development efforts associated with UZ-Tech, resulting in loss of commercial opportunity and delay in the planned deployment of related technologies — harm that cannot be adequately remedied through monetary compensation alone.

Exhibit F2/3

**X. CONTINUING AND COMPOUNDING COMMERCIAL LOSS**

Outputs generated by Defendants' AI systems that reproduce or substantially reflect STE-originating protected expression result in ongoing unauthorized exploitation of my intellectual property. This continuing activity contributes to cumulative commercial loss as such outputs are generated, distributed, and incorporated into Defendants' products and services.

*I declare under penalty of perjury that the foregoing is true and correct.*

*Executed on: June 17, 2026*

**Sworn to and subscribed before me**
**This** 17 **Day of** June **, 20**26

**Notary Public of South Carolina**

Alisa Solomon
Notary Public
State of South Carolina
My Commission Expires August 11, 2035

06/17/2026

*Kalishwar Das*
*Plaintiff, Pro Se*
*1505 The Xing*
*Rock Hill, SC 29732*
*Ph: 803-370-2344*
*Email: steward@cdtproject.org*