copies to Defendant. Court stamped.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

RECEIVED
USDC CLERK, COLUMBIA, SC
2026 AUG 25 PM 1:26

| | | |
|---|---|---|
| KALISHWAR DAS, | ) | |
| Plaintiff, | ) | **Civil Action No. 0:26-cv-02425-SAL-PJG** |
| | ) | |
| v. | ) | |
| | ) | **PLAINTIFF'S SUPPLEMENT OF EVIDENCE** |
| META PLATFORMS, INC.; | ) | **IN SUPPORT OF** |
| GOOGLE LLC; | ) | **FIRST AMENDED COMPLAINT** |
| OPENAI, INC.; | ) | |
| X CORP.; and DOES 1-50, | ) | |
| Defendants. | ) | |

Plaintiff Kalishwar Das, appearing pro se, respectfully submits this Supplement of Evidence in support of the First Amended Complaint (ECF No. 11) filed in the above-captioned action, and states as follows:

## I. LICENSE SCOPE EVIDENCE

1. At all times relevant to the access and use alleged in the First Amended Complaint, The General Theory of Entirety ("GTOE") was published and licensed exclusively under the Creative Commons Attribution-NonCommercial 4.0 International license ("CC BY-NC 4.0"), a copyright license that expressly permits non-commercial use with attribution and does not extend, in any respect, to commercial exploitation.

2. True and correct copies of the Zenodo repository record(s) for GTOE (including, without limitation, Version 2.2, DOI: 10.5281/zenodo.20043856, and any subsequent version published under the same license terms, including any version bearing a newly-assigned DOI), reflecting the CC BY-NC 4.0 International license terms under which

the work has been published at all relevant times, are attached hereto in its latest version with corrected clerical error, as Exhibit ZENODO-1.

3. A true and correct copy of the full text of the Creative Commons Attribution-NonCommercial 4.0 International license, obtained from creativecommons.org, is attached hereto as Exhibit CC-LICENSE-1.

4. Defendants Meta Platforms, Inc., Google LLC, OpenAI, Inc., and X Corp. are each commercial entities alleged to have ingested, trained upon, and/or generated commercial artificial intelligence products and services using content from GTOE, as evidenced in the exhibits described below. Such alleged use falls categorically outside the non-commercial scope of the license under which GTOE was published, constituting a violation of the express terms and conditions of that license, independent of and in addition to constituting copyright infringement, as no license Plaintiff extended authorized use in a commercial capacity, at any time.

5. No commercial entity offers a product or service without an underlying economic purpose, whether or not that purpose is disclosed to the end user; a service offered at no monetary charge is not, and cannot be, free of the offering entity's own economic interest. The evidence set forth in Section II below constitutes live, contemporaneous proof that each Defendant's violation of the license, as alleged herein, is not incidental, historical, or confined to the training process alone, but an ongoing act carried out in Defendant's regular commercial operation: each Defendant generated and delivered GTOE-derived content directly to end users of its artificial intelligence products and services — without regard to whether any individual end user's access was paid or unpaid — as part of Defendant's own commercial enterprise, from which Defendant

derives commercial benefit through advertising, data collection, market positioning, user retention, and conversion to paid offerings, irrespective of whether a given output was delivered on a free or paid tier. This delivery of GTOE-derived content within Defendant's commercial operation, for Defendant's own commercial benefit, was at no time conferred with proper authorization by Plaintiff, whether under the CC BY-NC 4.0 International license or otherwise.

6. The subject matter reproduced, ingested, and/or commercially exploited by Defendants without authorization, as evidenced herein, includes, without limitation: (a) the core identity expression $\Sigma = \check{c}^2(0)^1$ and its constituent formal notations, including $\check{c}^2$, $(0)^1$, $X^2$, UZ, D*, Nfb, and Pfb, and the projection relation $\Sigma \equiv \mathcal{P}_{(c)}(\check{c}^2)$; (b) the coined technical terminology original to GTOE, including "Ultimate Zero," "primordial coherence," and the three-tier projection-constraint architecture; and (c) the original explanatory text, structural exposition, and argumentative sequence by which these concepts are presented in GTOE. Each of the foregoing constitutes original expression fixed in a tangible medium and protected under 17 U.S.C. § 102(a). Defendants' commercialization of this protected expression, without Plaintiff's permission, constitutes a direct violation of the license under which GTOE was published, independent of and in addition to the copyright infringement alleged in the First Amended Complaint.

7. Plaintiff states, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the evidence set forth in Section II below, including the multilingual (English and Hindi) queries and outputs contained therein, was personally composed, submitted, collected, and preserved by Plaintiff himself, from Plaintiff's own devices and accounts, and reflects

Plaintiff's direct, personal, first-hand knowledge of each query submitted and each output received, as further detailed below.

8. All queries referenced in Section II below were submitted in English and, in a parallel set, in Hindi, on August 14, 2026, using Plaintiff's own personal accounts on each respective platform (a free-tier Meta AI account; a free-tier Google Gemini account; a paid ChatGPT account; and Grok, accessed through Plaintiff's paid, annually-billed X Premium subscription). Each query expressly requested that the platform's response state the current date, and each response so states, as reflected in Exhibits META-1/META-2, GOOGLE-1/GOOGLE-2, OPENAI-1/OPENAI-2, and XCORP-1/XCORP-2 (English and Hindi, respectively). Responses exceeding a single screen in length were captured across multiple, sequential screenshots, as reflected in the page ordering of the respective exhibit. All evidence referenced in Section II was personally collected by Plaintiff as described above; no third-party-sourced material is included among these exhibits.

## II. SUPPLEMENTAL EVIDENCE OF INFRINGEMENT BY DEFENDANT

### A. Defendant Meta Platforms, Inc.

9. On August 14, 2026, Plaintiff, using a free-tier Meta AI account, submitted a series of prompts concerning the General Theory of Entirety ("GTOE"), each requesting that the response state the current date. Meta AI's responses, true and correct copies of which are attached hereto as Exhibit META-1, reproduced the core identity equation $\Sigma = \check{c}^2(0)^1$, the terms "Ultimate Zero" and "primordial coherence," the Nfb → UZ → Pfb recursive structure, and named "Kalishwar Das" as the framework's author across multiple whitepaper versions (v2.1 and v2.2, with the applicable DOIs). In response to a direct question regarding licensing, Meta

AI reproduced, verbatim, the licensing notice published at cdtproject.org/main-notice.php, stating that GTOE is "not released under any open or Creative Commons license," that prior CC BY-NC 4.0 International releases were superseded by an "All Rights Reserved" framework, and that "any commercial use of any kind is strictly prohibited without explicit authorization," expressly including "integration into products, services, platforms, or AI training systems."

10. Defendant Meta Platforms, Inc.'s use evidenced above, upon information and belief, exceeded the non-commercial scope of the license(s) under which GTOE was published, constituting a violation of those license terms independent of, and in addition to, copyright infringement, as set forth in Exhibit META-1. Meta AI's own response, quoted above, demonstrates Defendant's contemporaneous awareness that such use required authorization it did not obtain.

11. On the same date, Plaintiff submitted the same series of prompts to Meta AI in Hindi. Meta AI's Hindi-language responses, true and correct copies of which are attached hereto as Exhibit META-2, reproduced the same core identity equation and terminology, and, in response to the licensing question, reproduced the same licensing notice — in Hindi — including its statement that commercial use of any kind, including AI training, is strictly prohibited without authorization.

**B. Defendant Google LLC**

12. On August 14, 2026, Plaintiff, using a free-tier Google Gemini account, submitted a series of prompts concerning GTOE, each requesting that the response state the current date. Gemini's responses, true and correct copies of which are attached hereto as Exhibit GOOGLE-

1, reproduced the core identity equation $\Sigma = \check{c}^2(0)^1$, a comparative analysis situating GTOE against Wheeler's pregeometry and causal set theory, the mathematical definitions of Nfb, UZ, and Pfb (including the negafibonacci recursion relation), and expressly attributed the framework to "Kalishwar Das, primary researcher and steward," and to "Ultimate-Z LLC" as the entity managing and stewarding it. In a separate response, Gemini reproduced the same licensing notice described above, including its statement that "AI training systems" fall within the scope of prohibited commercial use absent authorization.

13. Defendant Google LLC's use evidenced above, upon information and belief, exceeded the non-commercial scope of the license(s) under which GTOE was published, constituting a violation of those license terms independent of, and in addition to, copyright infringement, as set forth in Exhibit GOOGLE-1. Gemini's own response, quoted above, demonstrates Defendant's contemporaneous awareness that such use required authorization it did not obtain.

14. On the same date, Plaintiff submitted the same series of prompts to Google Gemini in Hindi. Gemini's Hindi-language responses, true and correct copies of which are attached hereto as Exhibit GOOGLE-2, reproduced the same core identity equation, the Nfb/UZ/Pfb recursive structure with its underlying mathematical relations, and the same attribution to Kalishwar Das and Ultimate-Z LLC.

## <u>C. Defendant OpenAI, Inc.</u>

15. On August 14, 2026, Plaintiff, using a paid ChatGPT account, submitted a series of prompts concerning GTOE, each requesting that the response state the current date. ChatGPT's responses, true and correct copies of which are attached hereto as Exhibit OPENAI-

1, reproduced the core identity equation $\Sigma = \check{c}^2(0)'$, a term-by-term breakdown of its constituent symbols, and an explanation of GTOE's approach to energy conservation — citing vixra.org as a source for the underlying published material. When asked whether a company could build a commercial AI feature explaining GTOE concepts to paying users, ChatGPT responded that doing so would require "authorization or license to use the protected GTOE/CDT material for that purpose," and that public accessibility does not itself grant permission for commercial AI ingestion.

16. Defendant OpenAI, Inc.'s use evidenced above, upon information and belief, exceeded the non-commercial scope of the license(s) under which GTOE was published, constituting a violation of those license terms independent of, and in addition to, copyright infringement, as set forth in Exhibit OPENAI-1. This use occurred through Plaintiff's paid subscription to Defendant's commercial product, evidencing that the delivery of GTOE-derived content occurred within Defendant's ordinary commercial operation.

17. On the same date, Plaintiff submitted the same series of prompts to ChatGPT in Hindi, again through Plaintiff's paid account. ChatGPT's Hindi-language responses, true and correct copies of which are attached hereto as Exhibit OPENAI-2, reproduced the same core identity equation and version history, and addressed the same falsifiability and commercial-use questions.

**D. Defendant X Corp.**

18. On August 14, 2026, Plaintiff, using a paid, annually-billed X Premium subscription providing access to Grok, submitted a series of prompts concerning GTOE, each requesting that the response state the current date. Grok's responses, true and correct copies of

which are attached hereto as Exhibit XCORP-1, reproduced the core identity equation $\Sigma = \check{c}^2(0)$[1] with citation to approximately 40 sources, a term-by-term breakdown of its constituent symbols in tabular form, and express attribution to "Kalishwar Das" and the "Contextual Domain Trajectory (CDT)" framework, citing cdtproject.org, theoryofentirety.com, Zenodo, and OSF by name. Grok's responses further referenced Plaintiff's published legal notices concerning unauthorized use of CDT content, including terminology drawn from those notices.

19. Defendant X Corp.'s use evidenced above, upon information and belief, exceeded the non-commercial scope of the license(s) under which GTOE was published, constituting a violation of those license terms independent of, and in addition to, copyright infringement, as set forth in Exhibit XCORP-1. This use occurred through Plaintiff's paid, annually-billed X Premium subscription, evidencing that the delivery of GTOE-derived content occurred within Defendant's ordinary commercial operation.

20. On the same date, Plaintiff submitted the same series of prompts to Grok in Hindi, again through Plaintiff's paid, annually-billed X Premium subscription. Grok's Hindi-language responses, true and correct copies of which are attached hereto as Exhibit XCORP-2, reproduced the same core identity equation, comparative analysis, and notation table.

## III. RESERVATION OF RIGHTS

21. Upon information and belief, Defendants' conduct alleged in this action, and evidenced in part herein, has also included the reproduction and/or commercial exploitation of content from a separate original work authored by Plaintiff, The Tangible Theorem of Divinity ("TTOD"), for which Plaintiff's application for federal copyright registration remains pending. Consistent with the registration requirement of 17 U.S.C. § 411(a) and Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC, 586 U.S. 296 (2019), Plaintiff does not assert, and this

filing should not be construed to assert, any claim as to TTOD at this time. Plaintiff expressly reserves all rights and claims with respect to TTOD, to be asserted upon issuance of the registration certificate.

22. Plaintiff respectfully reserves the right to seek leave to file a Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2), should such amendment become necessary or appropriate following service of the first summons issued in this action, together with the First Amended Complaint as the operative pleading (or any complaint further superseding it), upon Defendants.

Respectfully submitted,

On this 15_ day of August, 2026

08/15/2026

_______________________________

Kalishwar Das, Plaintiff, Pro Se
1505 The Xing, Rock Hill, SC 29732
Email: kalishwardas@gmail.com
Ph: 803-370-2344, 803-800-3999