NOV 12 '26 AM11:41
RCVD - USDC FLO SC

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Kalishwar Das, Plaintiff,<br>v.<br>Meta Platforms, Inc.;<br>Google LLC;<br>OpenAI, Inc.;<br>X Corp.; and Does 1–50, Defendants. | C/A No. **0:26-cv-02425-SAC-EEM** |

PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT (Fed. R. Civ. P. 15(a)(2) and 15(d))

Plaintiff Kalishwar Das, proceeding pro se, moves for leave to file a Second Amended and Supplemental Complaint that adds claims on the work known as Tangible Theorem of Divinity (TTOD), which the United States Copyright Office has now registered, and conforms the allegations of the Amended Complaint to the registration certificates for both works.

**Background**

1. Plaintiff filed the Amended Complaint (ECF No. 11) on July 17, 2026, and a Supplement to it (ECF No. 17) on August 25, 2026. The copyright claims in those filings rest on the work known as The General Theory of Entirety (GTOE) (Registration No. TXu 2-541-568).

2. The Amended Complaint did not assert claims on the work known as Tangible Theorem of Divinity (TTOD). Plaintiff reserved those claims until a registration certificate issued, and Exhibit A-2 disclosed that a Tangible Theorem of Divinity (TTOD) application was pending.

3. The Copyright Office has since registered Tangible Theorem of Divinity (TTOD) as Registration No. TXu 2-570-503, with an effective date of registration of March 26, 2026. The certificate issued on October 20, 2026, and Plaintiff received it on October 24, 2026. A copy is attached as Exhibit 2.

**Relief requested**

4. Plaintiff proposes a Second Amended and Supplemental Complaint (Exhibit 1) that

   - (a) pleads the Tangible Theorem of Divinity (TTOD) registration and its effective date;
   - (b) adds Tangible Theorem of Divinity (TTOD) to the copyright claims against the same Defendants;

- (c) conforms the authorship, ownership and scope allegations for both works to the registration certificates, by limiting the claims to the text of each work authored by Plaintiff, excluding material not covered by the registrations, and withdrawing any claim to material previously registered under TXu 2-439-781;
- (d) adds an introductory statement describing the present posture of the case; and
- (e) otherwise retains the existing Defendants and the existing counts, subject to subparagraph (c).

**Grounds**

5. Rule 15(d) permits the court, on motion and reasonable notice and on just terms, to allow a supplemental pleading setting out events that happened after the date of the pleading to be supplemented. The Tangible Theorem of Divinity (TTOD) registration is such an event. The conforming changes to the existing allegations are amendments, and Rule 15(a)(2) directs that leave be freely given when justice so requires. Foman v. Davis, 371 U.S. 178, 182 (1962); Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (leave should be denied only for prejudice, bad faith, or futility).

6. Registration is a precondition to suit under 17 U.S.C. § 411(a). Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC, 139 S. Ct. 881 (2019). Plaintiff did not assert Tangible Theorem of Divinity (TTOD) claims until registration issued, and asserts them in the proposed Second Amended and Supplemental Complaint only after it did.

7. No party will be prejudiced. No summons issued in this action until November 9, 2026 (ECF No. 29), and no Defendant has been served under Rule 4 or has appeared. Service is due February 8, 2027. No scheduling order has been entered, and no discovery has been taken. Asserting the Tangible Theorem of Divinity (TTOD) claims in this action avoids a separate suit over the same conduct.

8. The motion is brought in good faith, promptly after Plaintiff received the certificate, and is not futile because Tangible Theorem of Divinity (TTOD) is now registered. Plaintiff's pro se filings are to be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

9. If leave is granted before service is made, Plaintiff will serve the Second Amended and Supplemental Complaint on each Defendant with the summons. If the Court has not ruled when service is due, Plaintiff will serve the Amended Complaint (ECF No. 11) with the summons by February 8, 2027, and will serve any later pleading under Fed. R. Civ. P. 5. If leave is granted after service, Plaintiff will serve the Second Amended and Supplemental Complaint under Fed. R. Civ. P. 5.

10. This motion contains a full explanation of the relief requested, and a memorandum would serve no useful purpose. Local Civ. Rule 7.04 (D.S.C.). Consultation under Local Civ. Rule 7.02 (D.S.C.) was not possible because no Defendant has appeared.

11. Electronic notice. By letter docketed November 6, 2026 (ECF No. 26), Plaintiff asked the Clerk to send notices of electronic filing to him by email. The docket reflects no ruling on that letter. Plaintiff appears pro se and may not register as a Filing User. To avoid delay in receiving orders and notices that are otherwise sent by mail, Plaintiff respectfully requests that the Court direct the Clerk, in addition to the paper notice provided to pro se parties, to transmit orders and notices of the Court in this action by email to Plaintiff at kalishwar@me.com. This request is a convenience and does not waive paper notice.

12. Final copy. Exhibit 1 is a proposed pleading. Before it is filed, Plaintiff will correct any typographical or clerical errors in it, without changing its substance. Because the alleged infringement is widely dispersed across Defendants' systems and cannot readily be documented before discovery, the final copy will also add, as exhibits supplementing those already filed (ECF Nos. 11 and 17), an exemplar output concerning Tangible Theorem of Divinity (TTOD) and the dates of ingestion and of that exemplar, as stated in Paragraphs 46 and 47 of Exhibit 1. Plaintiff will make no other change without leave of Court.

**Conclusion**

Plaintiff requests that the Court

(a) grant leave to file the Second Amended and Supplemental Complaint (Exhibit 1) and deem it filed as of the date of the Court's order;

(b) direct the Clerk to also send orders and notices of the Court in this action to Plaintiff by email at the address stated in Paragraph 11; and

(c) grant any further relief the Court finds just.

Respectfully submitted,

November 10, 2026

11/10/2026

Kalishwar Das, Pro Se Plaintiff
1505 The Xing
Rock Hill, SC 29732
kalishwar@me.com

Exhibit 1: Proposed Second Amended and Supplemental Complaint.

Exhibit 2: Certificate of Registration, TXu 2-570-503.

**CERTIFICATE OF SERVICE**

I certify that no summons has been served and no Defendant has appeared in this action. I will serve a copy of this motion on each Defendant, or its counsel of record, upon appearance.

November 10, 2026

11/10/2026

Kalishwar Das, Pro Se Plaintiff
1505 The Xing
Rock Hill, SC 29732